IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HARRINGTON,

     Plaintiff,                    No. CIV S-09-0907 JAM EFB

     vs.

CREDITORS SPECIALTY
SERVICE, INC.,

     Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

     On June 24, 2009, this court heard plaintiff's motion for default judgment, pursuant to Fed. R. Civ. P. 55(b), against defendant Creditors Specialty Service, Inc.[1] Plaintiff David Harrington was represented by attorney Todd M. Friedman. No appearance was made on behalf of defendant.

     Upon review of the motion, supporting documents, plaintiff's oral argument, and good cause appearing, the court makes the following findings and recommendations.

////

////

---

[1] This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1).

BACKGROUND

The complaint, filed April 2, 2009, is premised on this court's federal subject matter jurisdiction, 28 U.S.C. § 1331, and alleges violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter "FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788, *et seq.* (hereafter "RFDCPA").

A certificate of service, filed April 11, 2009, demonstrates timely personal service of the summons and complaint upon defendant's agent for service of process, Timothy P. Peabody, in Newport Beach, California, on April 7, 2009.  Dckt. No. 7.

On May 21, 2009, plaintiff requested entry of default, which the Clerk of Court entered on May 22, 2009.  Dckt. Nos. 8, 9.  Plaintiff's request for entry of default provides that "[d]efendant is still in business (it may be reached at [telephone number]) and has offered no explanation for its failure to answer the instant complaint."  Dckt. No. 8, at p. 1.  Although not required, *see* Fed. R. Civ. P. 5(a)(2) ("[n]o service is required on a party who is in default for failing to appear"), plaintiff served his request for entry of default by mail on May 21, 2009, upon its agent for service of process in Newport, California, as well as at defendant's principal place of business in Acton, California.  Dckt. No. 8, at p. 3.

Plaintiff filed the instant motion for default judgment on May 28, 2009, which was served the same date by mail on defendant at both of the above-noted locations, Dckt. No. 10, at p. 3.  On May 28, 2009, plaintiff filed, and served, a separate Notice of Hearing on the instant motion.  Dckt. No. 11.

DISCUSSION

Process has been served upon defendant, who has not appeared in this action, and personal jurisdiction has been established.  *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir.1985) (default judgment void without personal jurisdiction).

////

Entry of default pursuant to Fed. R. Civ. P. 55(a) effects defendant's admission of the well-pled factual allegations of the complaint, except those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), *Anderson v. Air West*, 542 F.2d 1090, 1093 (9th Cir. 1976).

The court finds that the complaint states the following claims for which relief can be granted:

1. Plaintiff David Harrington is a natural person residing in Sacramento County, California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h). Compl., at ¶ 3.

2. At all relevant times, defendant Creditors Specialty Service, Inc., was a company engaged, by use of the mails and telephone, in the business of collecting "debts," as defined by 15 U.S.C. § 1692a(5), and "consumer debts," as defined by Cal. Civ. Code § 1788.2(f). In general, defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the RFDCPA, Cal. Civ. Code § 1788.2(c)." Compl., at ¶ 4.

3. Within the year preceding the filing of the instant complaint, defendant contacted plaintiff at various and multiple times in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in the following ways: (a) threatening to take an action against plaintiff that cannot legally be taken or that was not actually intended to be taken, including threatening to file a lawsuit against plaintiff and garnish plaintiff's wages, in violation of 15 U.S.C. § 1692e(5),[2] and Cal. Civ. Code § 1788.10(e);[3] and

---

[2] 15 U.S.C. § 1692e(5) provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .(5) The threat to take any action that cannot legally be taken or that is not intended to

(b) falsely using a business, company or organization name other than the true name of defendant's business, company or organization, and falsely representing that an individual is an attorney, in violation of 15 U.S.C. §§ 1692e(14), and 1692e(3),[4] and Cal. Civ. Code § 1788.13(b).[5] Compl., at ¶ 5.

The complaint also alleges an invasion of privacy claim. Compl., at ¶¶ 6-7. The complaint seeks actual damages, statutory damages, costs and attorney's fees. *See id.*, at ¶ 8, and prayer for relief. However, plaintiff's counsel stated at the hearing on this matter that, for purposes of default judgment, plaintiff does not pursue his privacy claim,[6] and seeks only statutory damages in the total amount of $2000.00, fees in the amount of $3029.00, and costs of $400.00 (total amount $5,439.00).[7]

////

---

be taken."

[3] Cal. Civ. Code §1788.10(e) provides: "No debt collector shall collect or attempt to collect a consumer debt by means of the following conduct: . . . (e) The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law."

[4] 15 U.S.C. § 1692e(3) provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney."

[5] Cal. Civ. Code §1788.13(b) provides: "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . . (b) Any false representation that any person is an attorney or counselor at law."

[6] Although it appears that plaintiff intends to abandon this claim, Fed. R. Civ. P. 54(b) requires that entry of the final judgment must await resolution of all claims as to all parties. Accordingly, the court will recommend that judgment be entered upon the plaintiff's filing of a voluntary dismissal of his supplemental state law invasion of privacy claim.

[7] FDCPA, at 15 U.S.C. § 1692(k)(a)(2)(A), and RFDCPA, at Cal. Civ. Code § 1788.30(b), each authorize a statutory penalty up to $1000.00, and an award of fees and costs, 15 U.S.C. § 1692(k)(a)(3), and Cal. Civ. Code § 1788.30(c).

4

Based on the foregoing, and plaintiff's memorandum of points and authorities and affidavits filed in support of the motion for default judgment, the court finds that plaintiff is entitled to the relief requested. There are no policy considerations that preclude the entry of default judgment of the type requested. *See Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Accordingly, the court will recommend judgment in the total amount of $5,439.00.

CONCLUSION

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against defendant Creditors Specialty Service, Inc. be GRANTED; and

2. Upon the plaintiff's filing of a voluntary dismissal of his supplemental state law invasion of privacy claim, judgment be entered in the amount of $5,439.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE